Speajr, J.
The objections to the bill of exceptions are: 1. That it was not taken at the proper time ; 2. That it is rendered invalid because of the absence of a seal to the judge’s signature. If either objection is well taken the motion should be overruled.
*112 The subject is covered by the provisions of ■chapter 4, division 8, of title 1, of the statutes. As this chapter stood at the taking effect of the Revised Statutes, January 1, 1880, section 5298, which was a re-enactment of section 291 of the code, reads as follows: “ The party objecting to the decision must except at the time the decision is made; and time may be given to reduce the exception to writing, but not beyond the term.” Sections 5301 and 5302, which were revisions of sections 294 and 693 of the code, as amended April 8, 1876, read as follows: “Sec. 5301. When the decision is not entered on the record, or the grounds of objection do not sufficiently appear in the entry, or the exception is to the opinion of the court on a motion to direct a nonsuit, to arrest the testimony from the jury, or for a new trial for misdirection bjr the court to the jury, or because the verdict, or, if a jury was waived, the finding of the court, is against law or the evidence, the party excepting must reduce his exception to writing, and present it to the court for allowance.” “ Sec. 5302. If the exception be true, or, if it be not true, then after it is corrected, a majority'of the judges composing the court must allow and sign it before the ease proceeds, or, if the party consent, within thirty days after the term; the bill of exceptions shall be filed with the pleadings, and, if the party require it, made a part of the record, but not spread on the journal; and if it is to be signed after the term, the journal must be kept open, and the allowance and signing thereof entered thereon as of the term.”
By authority of these sections it was the practice, sane tioned by this court in' numerous decisions, to take a bill of exceptions upon the overruling of a motion for new trial, though after the term at which the verdict was rendered, and thereby raise for review the question whether or not the verdict was sustained by the law and evidence. In such case a bill of exceptions taken at the term at which the motion for new trial was overruled and judgment entered, was taken at the proper .time because the overruling of the motion and the entry of judgment was the decision objected to, and the ex *113 ception to the decision was reduced to writing, allowed and filed during that term.
But material changes in the sections referred to have been made since the date of the revisions. Section 5298, as amended March 11, 1887, (2 Smith & Benedict’s Revised Statutes, 1543,) reads as follows: “ The party objecting to the decision must except at the time the decision is made, and time may be given to reduce the exception to writing, but not more than thirty days beyond the term at which the verdict of the jury is rendered, or the cause is decided when tried to the court.” Section 5301, as amended April 11, 1888, (same vol. p. 1544,) reads as follows: “ When the decision is not entered on the record, or grounds of objection do not sufficiently appear in the entry, or the exception is to the opinion of the court on a motion to direct a non-suit, to arrest the testimony from the jury, or for a new trial for misdirection by the court to the jury, or because the verdict, or if a jury is waived, the finding of the court is against the law and the evidence, or the omission or rejection of evidence, the party excepting must reduce his exceptions to writing, and present the same to the trial judge or judges for allowance, within thirty (30) days from the end of the term at which the verdict is rendered or the finding of the court is made; provided, further, that in case the trial judge or judges be absent from the district when such bill of exceptions is so prepared for allowance, then the same may be deposited with the clerk of the court for the examination and allowance of such trial judge or judges, who shall be required to sign and seal said bill of exceptions on or before the first day of the next ensuing term of court.” And section 5302, as amended same date, reads as follows: “ If the exception be true, or if it be not true, then after it is corrected, the trial judge, or a majority of the judges composing the court, must allow and sign it before the case proceeds, or if the partjr consents, within thirty days after the term, or in case of the absence of the trial judge or judges from the district, as provided in the preceding section, then on or before the first day of the next ensuing term. The bill of exceptions *114 shall be filed with the pleadings, and if the party request it, made part of the record but not spread upon the journal; and if it is to be signed after the term, the journal must be kept open and the allowance and signing thereof entered thereon as of the term.”
These three sections embrace the whole law upon the subject of the time of the taking, allowance, and filing of bills of exceptions. Their import is clear. There is an entire absence of authority warranting the practice referred to. On the contrary, a bill of exceptions, in order to present the objections of the objecting party for review, must be reduced to writing and presented to the trial judge or judges for allowance within thirty days from the end of the term at which the verdict is rendered or the finding of the court is made, and it is then the duty of the trial judge or judges, if true, or after it is corrected, within the thirty days, to allow and sign it; save only that, in case the trial judge or judges are absent from the district when the bill is so prepared for allowance, the bill may be deposited with the clerk, and then it becomes the duty of the judge or judges to sign and seal the bill on or before the first day of next tqrm of the court. So that, where a motion for a new trial, upon the ground that the verdict is not sustained by sufficient evidence, or is contrary to law, is not disposed of at the term at which the verdict is rendered, nor at a term within thirty days thereafter, a bill of exceptions to the overruling of the motion cannot be taken. It follows that the bill of exceptions in this case was not taken at the proper time, and therefore that the petition in error to the Superior Court at general term, was properly dismissed.
• Had the city’s counsel pressed their motion at the trial term, and, failing to get it disposed of, excepted to the court’s neglect to pass upon it, a different question would be presented.
As this holding disposes of the case we do not deem it necessary to consider the other point made.

Motion overruled.